RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/2/14
MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH ANTHONY DANIEL           DOCKET NO. 14-cv-3100; SEC. P
(#A035-186-189)

VERSUS                                 JUDGE DRELL

ERIC HOLDER, ET AL.             MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by pro se Petitioner Joseph Anthony Daniel. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner challenges his arrest and detention, pursuant to an order of removal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Petitioner alleges that, although he is a citizen of Grenada, he is a "National" of the United States of America. He states that he is a "long time lawful permanent resident since June 6, 1978."

Petitioner states that he seeks "judicial clarification" of his United States National status. He states that his arrest and detention are unlawful because he is not an alien, but a U.S. National.

Petitioner claims that he is not challenging his order of removal or the removal proceedings, only his unlawful arrest and detention.

Petitioner was convicted of multiple counts of Possession of Cocaine.  [Doc. 1]  He was placed into removal proceedings based on his criminal convictions.  On March 22, 2012, he was ordered removed from the United States.  He appealed the ruling to the Board of Immigration Appeals, and the ruling was affirmed on June 26, 2012.

### *Law and Analysis*

The Real ID Act, which became effective on May 11, 2005, altered the judicial review of removal orders in habeas corpus proceedings.  See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005).  Under the pertinent provision of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. §1252(a)(5).  The Real ID Act stripped the district courts of jurisdiction over §2241 petitions attacking removal orders.  See Rosales, 426 F.3d at 735-36.

Petitioner creatively claims that he is not challenging his order of removal, just the arrest and detention pursuant to that order.  However, Petitioner does not raise any allegations indicating that his arrest was unlawful.  His challenge to his

2

detention **pursuant** to the order of removal necessarily implicates the validity of the removal order itself. Likewise, Petitioner's claim that his arrest and detention are unlawful because is a U.S. National is actually a challenge to the order of removal, as that was the order finding that Petitioner was not, in fact, a U.S. National.

Thus, based on the true nature of Petitioner's claim, that he is not an alien subject to being removed from the U.S., this Court lacks jurisdiction over the §2241 petition under the Real I.D. Act. Petitioner has not presented any independent claims of an unlawful arrest other than those which challenge the validity of the order of removal.

*Conclusion*

The Court is convinced that Petitioenr has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Petitioner's allegations as true,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED for lack of jurisdiction.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of ~~November~~ December, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE